***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioners Glenn and Vilas and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the Deputy Commissioner.
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties as
 STIPULATIONS *Page 3 
1. All the parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All parties are bound by and subject to the North Carolina Workers' Compensation Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. The parties entered into a Pretrial Agreement. The Pretrial Agreement in the Jeffrey Parker case was entered into evidence and included a set of exhibits which were received into the record as Stipulated Exhibit number 1 and included Industrial Commission forms, filings, Motions and Orders, discovery responses, Employee-Plaintiff's pay records, the Employee-Plaintiff's medical records, and insurance claim index report.
3. Plaintiff Jeffrey Parker sustained an injury by accident while in the course and scope of employment on November 22, 2006; and, Plaintiff Franklin Todd Beck sustained an injury by accident while in the course and scope of employment on February 15, 2008.
4. Defendant-Carrier iSurity has paid medical expenses for Plaintiff, Jeffrey Parker, in the amount of $11,243.10.
5. The only issue to be addressed at this time is who were the Plaintiffs' employers at the time of the respective injuries and which carrier or carriers and which employer or employers are liable for workers' compensation benefits the Plaintiffs may be entitled to receive?
6. It was further stipulated for the purposes of the hearing that Employer Alternatives, LLC and Employer Alternatives of Pennsylvania, LLC are one and the same and that the workers' compensation insurance coverage of NCME Fund c/o iSurity Insurance Services is for Employer Alternatives, LLC as well as Employer Alternatives of Pennsylvania, LLC. *Page 4 
7. The parties also stipulated to the following documentary evidence when the case was pending for hearing before Deputy Commissioner Vilas: (a) list of premium payments made by Art Weiss to iSurity for the 2006 and 2007 workers' compensation policies; (b) application for workers' compensation coverage filed by Employer Alternatives; and (c) notice of cancellation of workers' compensation policy sent to Employer Alternatives, dated January 25, 2008.
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On November 22, 2006, Plaintiff Jeffrey Parker (hereinafter referred to as "Plaintiff Parker") sustained a compensable injury by accident when the truck he was driving collided with another vehicle.
2. On February 15, 2008, Plaintiff Franklin Todd Beck (hereinafter referred to as "Plaintiff Beck") sustained a compensable injury by accident when another vehicle rear-ended the truck he was driving.
3. Defendant-Carrier iSurity accepted the compensability of Plaintiff Parker's and Plaintiff Beck's injuries on Form 60's which listed Defendant Employer Alternatives as the Plaintiffs' employer. On the Form 60's Defendant-Carrier iSurity reserved the right to litigate the issue of who was the employer and to claim a credit for benefits paid in the event another party was ultimately found liable for the claims.
4. W.H. Services, Inc. is a trucking company that is owned by William Harlan. Prior to 2003, Harlan operated under his own USDOT licensing authority. In December 2003, *Page 5 
Harlan entered into a lease agreement with Defendant Big Rock Transportation which provided that W.H. Services would lease trucks and drivers to Big Rock, which would in turn permit those drivers to operate under Big Rock's USDOT licensing authority. W.H. Services and Big Rock were operating pursuant to this type of lease agreement on the dates of Plaintiff Parker's and Plaintiff Beck's injuries.
5. Pursuant to the lease agreement between Big Rock and W.H. Services, Big Rock provided the operating authority and did the billing. When a load was complete, W.H. Services would send the final bill of lading to Big Rock, who would in turn bill the client, collect the money, and then disburse the receipts, less a five percent fee, to W.H. Services. Big Rock was also responsible for furnishing all liability and cargo insurance for the trucks. W.H. Services was responsible for providing the workers' compensation insurance for the drivers.
6. W.H. Services hired Defendant Employer Alternatives, a professional employer organization (PEO), to manage certain aspects of its daily operations including payroll and workers' compensation for W.H. Harlan drivers who were driving under Big Rock's licensing authority.
7. At the time of Plaintiff Parker's and Plaintiff Beck's injuries, Employer Alternatives had in place a workers' compensation policy which it obtained from iSurity. On its application for workers' compensation coverage, Employer Alternatives indicated that it was a vanity manufacturing business. It did not disclose that it was a PEO that was paying the salaries of truck drivers and providing workers' compensation coverage for a trucking company. iSurity would not have written a policy for Employer Alternatives had it known the true facts. However, having issued the policy, it was iSurity's standard practice to wait until the end of the policy period to conduct a payroll audit to verify the number of employees covered by the policy and *Page 6 
their occupations. There is no evidence that iSurity conducted a payroll audit at the conclusion of the first policy period on September 15, 2007. Instead, they issued another policy to Employer Alternatives covering the period from September 15, 2007 to September 15, 2008. iSurity subsequently cancelled this policy effective February 27, 2008.
8. Defendants Employer Alternatives and iSurity admitted in their responses to Plaintiff Parker's interrogatories, (responses which were stipulated into evidence) that Employer Alternatives of Pennsylvania, LLC was the "employer of record" of Plaintiff Parker, and that the workers' compensation policy iSurity issued to Employer Alternatives of Pennsylvania provided coverage for Plaintiff Parker.
9. According to the payment history provided by iSurity, Employer Alternatives paid $3,770.10 in premiums to iSurity from September 22, 2006 to January 8, 2008. iSurity accepted these premiums in exchange for providing workers' compensation insurance pursuant to the policy which covered Plaintiff Parker and Plaintiff Beck.
10. Employer Alternatives charged W.H. Services a higher workers' compensation premium than it was paying to iSurity. W.H. Services paid Employer Alternatives approximately $1,700 per week to cover the workers' compensation coverage for the drivers, in addition to the amounts it paid to Employer Alternatives to cover the payroll checks that Employer Alternatives issued to the drivers.
11. With regard to the day-to-day control of the drivers, W.H. Services gave the drivers their assignments, trip packets, trip sheets, and fuel sheets, and did all of the dispatching. The drivers used one of Mr. Harlan's fuel cards to pay for fuel for their trucks, and they parked their trucks at the W.H. Services terminal. Plaintiff Parker testified that he thought of Mr. Harlan as his supervisor. *Page 7 
12. Big Rock did not interact with or control the drivers, although Big Rock would on occasion talk to a driver if there was a safety violation that arose under its federal operating authority.
13. The trucks that Plaintiff Parker and Plaintiff Beck were driving at the time of their injuries were leased by W.H. Services to Big Rock.
14. The paychecks and W-2's that Plaintiffs received indicated on their face that they were issued by Employer Alternatives.
15. There was no contract of hire, express or implied, between Big Rock Transportation and either Plaintiff Parker or Plaintiff Beck.
16. There was no contract of hire, express or implied, between Employer Alternatives and either Plaintiff Parker or Plaintiff Beck.
17. There was one employee of Employer Alternatives who worked at the W.H. Services terminal dispatching drivers. However, the evidence of record is insufficient to support a finding that Employer Alternatives exercised sufficient control over the drivers' work to be deemed an employer of the drivers.
18. At the time of their respective injuries, the employer-employee relationship existed between Plaintiffs and W.H. Services.
19. The injuries Plaintiff Parker and Plaintiff Beck sustained on November 22, 2006 and February 15, 2008, respectively, arose out of and in the course of their employment with W.H. Services.
20. W.H. Services paid substantial sums and undertook in good faith to insure and keep insured its liability under the Workers' Compensation Act by engaging the services of Employer Alternatives. W.H. Services relied on the fact that iSurity was providing workers' *Page 8 
compensation coverage to its drivers, and would have undertaken to secure other workers' compensation coverage if it had known that iSurity would question its liability for injuries to the drivers.
 ***********
The foregoing Stipulations and Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. The provisions of N.C. Gen. Stat. § 97-19.1 and the common law concepts of employment and estoppel govern the liability of Defendants in these matters.
2. An employment relationship, joint or otherwise, did not exist between
Plaintiffs and Big Rock Transportation or Employer Alternatives. In order to establish a joint employment under N.C. Gen. Stat. § 97-51, it must be shown that (1) the employee made a contract of hire, express or implied, with the special employer; (2) the work being done is essentially that of the special employer; and (3) the special employer has the right to control the details of the work. Collins v. James Paul Edwards,Inc., 21 N.C. App. 455, 459, 204 S.E.2d 873, 876 (1975). At least two of these three elements is missing in the cases at bar.
3. At the time of their injuries, Plaintiff Parker and Plaintiff Beck were employees of W.H. Services. Hayes v. Board ofTrustees, 224 N.C. 11, 29 S.E.2d 137 (1944).
4. As an employer, W.H. Services complied with the obligation to "insure and keep insured" its liability under the Workers' Compensation Act as set forth in G.S. Section 97-93 by hiring Employer Alternatives to administer payroll and secure workers' compensation coverage.
5. Defendants Big Rock and FirstComp are not liable for workers' compensation benefits to Plaintiffs under N.C. Gen. Stat. Section 97-19.1 because Defendant Big Rock did not *Page 9 
contract with a driver "who has not secured the payment of compensation" pursuant to N.C. Gen. Stat. Section 97-93.
6. Because it accepted payment of premiums from Employer Alternatives, iSurity is estopped from denying coverage for the injuries sustained by Plaintiffs Parker and Beck. See Godley v.County of Pitt, 306 N.C. 357, 293 S.E.2d 167 (1982), and cases cited therein at page 360, for the proposition that
 An estoppel can arise in any legal setting, and our appellate courts have prudently and repeatedly applied the doctrine in workers' compensation cases to thwart an insurance carrier's subsequent attempt to avoid coverage of a work-related injury, howbeit upon a legitimate ground, when the carrier has previously and routinely accepted the payment of insurance premiums pertaining to the injured individual.
Taking into account the remedial purposes of the Act as it pertains to the position of the injured employees, and the fact that iSurity accepted premiums while FirstComp did not, Defendants Employer Alternatives and iSurity are responsible for all compensation due both Plaintiffs as a result of the injuries they sustained in the course of their employment with W.H. Services.
 ***********
The foregoing Stipulations, Findings of Fact, and Conclusions of Law engender the following:
 AWARD
1. Defendants Employer Alternatives and iSurity shall pay all indemnity and medical compensation due Plaintiffs Parker and Beck as a result of the injuries they sustained on November 22, 2006 and February 15, 2008, respectively. *Page 10 
2. An attorney's fee of 25 percent of the indemnity compensation paid to each Plaintiff is hereby approved for their attorneys, and shall be paid by Defendants by forwarding every fourth compensation check directly to the attorney.
3. Defendants Employer Alternatives and iSurity shall pay the costs.
This the ___ day of September, 2011.
 S/___________________ TAMMY R. NANCE COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1